UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Tara Suryamani<br>4421 Mar Escarpa<br>San Clemente, California 92673<br><br>Plaintiff,<br>v.<br><br>GE Capital Retail Bank<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>and<br><br>JOHN AND JANE DOES 1-10<br><br>Defendants. | CASE NO.: _____<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

Here comes Plaintiff Tara Suryamani, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant GE Capital Retail Bank (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

**JURISDICITON**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Tara Suryamani (hereafter "Plaintiff"), is an adult individual whose residence is in San Clemente, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, GE Capital Retail Bank ("GE"), is an Arkansas business entity with an address of 1300 East 9th Street, Cleveland, Ohio 44114, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendants John and Jane Does 1 - 10 are the individual agents for the GE, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. GE at all times acted by and through one or more of the Agents.

## FACTS

8. In or around January 2014, GE began calling Plaintiff on her cellular telephone, number 619-xxx-6760, in an attempt to collect a consumer debt from "Julie" (the "Debtor").

9. At all times mentioned herein, GE called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS").

10. When Plaintiff answered the calls from GE, she was met with a brief period of silence before being connected with a live representative.

11. During several conversations, Plaintiff informed GE that she did not know the Debtor and that the Debtor could not be reached at her phone number.

12. Plaintiff therefore instructed GE to remove her telephone number from the account and cease all communications with her.

13. Nonetheless, GE continued calling Plaintiff.

14. The telephone number called by GE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

2

15.     The calls from GE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

### (Violation of the Telephone Consumer Protection Act ("TCPA")) (U.S.C. 47 § 227, et seq.)

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     At all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

18.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19.     GE's telephone systems have all the earmarks of a Predictive Dialer.

20.     When Plaintiff answered the phone, she was met with a period of silence before GE's telephone system would connect her to the next available representative.

21.     Plaintiff never provided her cellular telephone number to GE and never provided her consent to be contacted on her cellular telephone.

3

22. Without prior consent and over Plaintiff's objection GE contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. GE's telephone system has the capacity to store numbers in a random and sequential manner.

25. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Invasion of Privacy by Intrusion upon Seclusion)

27. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

28. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

30. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

31. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

32. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

34. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

Dated: <u>May 21, 2014</u>

                    Respectfully submitted,

                    By: <u>  /s/ *Sergei Lemberg*          </u>

                    Sergei Lemberg, Esq.
                    LEMBERG LAW, L.L.C.
                    A Connecticut Law Firm
                    1100 Summer Street, 3rd Floor
                    Stamford, CT 06905
                    Telephone: (203) 653-2250
                    Facsimile: (203) 653-3424
                    Email: slemberg@lemberglaw.com
                    Attorneys for Plaintiff:
                    Tara Suryamani

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                    <u>  /s/ *Sergei Lemberg*          </u>
                                      Sergei Lemberg, Esq.